IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. ARMATAS, Individually and as Personal Medicare Representative and Executor of the Estate of ALEXANDER E. ARMATAS, | ) ) ) ) ) | CASE NO. 5:19-cv-00349 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| AULTMAN HOSPITAL, et al., | ) ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

Pursuant to the Court's referral of this case to the undersigned for general pretrial supervision and issuance of a Report & Recommendation on any dispositive motions (Doc. 45), the undersigned submits this Report & Recommendation as to Plaintiffs' Motion for Judgment on the Pleadings, or, in the Alternative to Strike the Answers and Affirmative Defenses of the Aultman Defendants[1] (Doc. 38) ("Plaintiff's Motion).

**I.    Plaintiffs' Motion**

On May 7, 2019, Plaintiffs filed a Motion for Judgment on the Pleadings, or, in the Alternative to Strike the Answers and Affirmative Defenses of the Aultman Defendants.  Doc. 38.

---

[1] The "Aultman Defendants" as referred to in Plaintiff's Motion are Aultman Health Foundation, Aultman Hospital, Aultcare Insurance Company, M. Richard Stjernholm, D.O., Ohio Physicians Professional Corporation dba Surgical Associates of Canton of OPPC, Mark N. Rose, Gregory Haban, M.D., and Timothy Regula.

1

Plaintiffs challenge Defendants' responses to their Complaint, arguing that the Defendants did not fairly respond to the substance of the allegations asserted in Plaintiffs' Complaint when including the following response in their answer to most of the paragraphs in Plaintiffs' Complaint – Defendants deny "for lack of knowledge or because they are not true, or both, the averments contained" therein. Doc. 38-1, pp. 2, 9-10. Plaintiffs request that the Court construe Defendants' responses as admissions and award Plaintiffs judgment on the pleadings as to their Complaint. Doc. 38-1, pp. 9-10. Alternatively, Plaintiffs request that the Court strike Defendants' Answers. Doc. 38-1, pp. 10-11. Plaintiffs also seek to have the Court strike affirmative defenses set forth in paragraphs 286-288, 296-297, and 300 on the basis that the "affirmative defenses are based on the discredited allegations contained in the defendants' Counterclaim." Doc. 38-1, p. 11.

In opposition, Defendants assert that their responses denied the averments and therefore were proper under Federal Rules of Civil Procedure. Docs. 51-54.

**II.    Analysis**

Fed. R. Civ. P. 8(b) provides that a party must "admit or deny the allegations asserted against it by an opposing party:" Fed. R. Civ. P. 8(b)(1)(B). Plaintiffs take issue with Defendants denying allegations for lack of knowledge or denying allegations because they are not true, or both. However, as provided for in Fed. R. Civ. P. 8(b), "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). Thus, in accordance with Fed. R. Civ. P. 8(b), the Defendants have either admitted or denied the allegations in the Complaint. Their Answers satisfy the purpose of Rule 8 because they put Plaintiffs on notice of

those matters upon which proof at trial will be required and those matters upon which proof at trial will not be required.

### III. Recommendation

In light of the foregoing, the undersigned finds Plaintiffs' Motion not well taken and recommends that the Court DENY Plaintiffs' Motion requesting that the allegations in their Complaint be deemed admitted as to the Aultman Defendants and/or that the Aultman Defendants' Answers be stricken.

Plaintiffs also seek to have the Court strike affirmative defenses set forth in paragraphs 286-288, 296-297, and 300 on the basis that the "affirmative defenses are based on the discredited allegations contained in the defendants' Counterclaim." Doc. 38-1, p. 11. In making this argument, Plaintiffs incorporate by reference their Motion to Dismiss Counterclaim, filed on May 6, 2019 (Doc. 36). Doc. 38-1, p. 11. The undersigned recommends that the Court DENY Plaintiffs' Motion requesting that certain affirmative defenses be stricken because Plaintiffs' request assumes that Plaintiffs will be successful on their Motion to Dismiss Counterclaim (Doc. 36) but the Motion to Dismiss Counterclaim has not yet been ruled on.

Dated: July 11, 2019      */s/ Kathleen B. Burke*
                          Kathleen B. Burke
                          United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).