UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. ARMATAS, | ) | CASE NO.: 5:19CV349 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| AULTMAN HEALTH FOUNDATION, et al., | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on objections filed by the parties to six Reports and Recommendations ("R&Rs") of the Magistrate Judge. The Court now resolves the objections, conducting a *de novo* review of those portions of a magistrate judge's R&R to which specific objections were made. 28 U.S.C. § 636(b)(1)(C).

As the parties have not raised objections to the factual basis set forth in the various R&Rs, the Court restates that basis herein. This case arises from the hospitalization and death of Alexander E. Armatas ("Alexander") at Aultman Hospital in Canton, Ohio, in late 2014. Alexander's son, Steven A. Armatas ("Steven"), filed this action on February 15, 2019, in three capacities: on his own behalf, as the personal Medicare representative for his father, and as executor of his father's estate. Plaintiffs (referred to collectively herein as "Plaintiff") assert 12 state and federal claims against 14 Defendants.[1] This case is the re-filing of a case previously filed

---

1 The 14 Defendants named in the Complaint are: Nihad Boutros, M.D., Eyad Nashawati, M.D., Matthew Knoch, M.D., Jeffrey Miller, M.D., Chadi E. Bouserhal, M.D., and Pulmonary Physicians, Inc. of Canton, Ohio; Aultman Health Foundation; Aultman Hospital; AultCare Insurance; M. Richard Stjernholm, D.O.and Ohio Physicians

by Plaintiff in the Stark County, Ohio, Court of Common Pleas on December 28, 2016.

Many of these causes of action, counterclaims, and affirmative defenses were the subject of early pretrial motions. As a result, the matters were extensively briefed and six R&Rs were issued. Five of those R&Rs resulted in objections that will be resolved herein.

I. <u>Plaintiff's Motion to Dismiss the Aultman Defendants' Counterclaims, R&R Doc. 127</u>

On January 8, 2020, the magistrate judge recommended that the Court grant Plaintiff's motion to dismiss the counterclaims asserted by the Aultman defendants. More specifically, the R&R concluded that the claims for fraud related to the execution of a power of attorney were barred by the applicable statute of limitations – 4 years.

The Aultman Defendants object to the R&R on January 20, 2020. Doc. 134. The Aultman Defendants assert that the R&R did not accept their factual allegations as true when resolving the motion to dismiss and therefore erred. The Court disagrees.

With respect to the use of the discovery rule when analyzing a statute of limitations defense, "[i]t is enough that some noteworthy event, the 'cognizable event,' has occurred which does or should alert a reasonable person" that a cause of action has accrued. *Schmitz v. Nat'l Collegiate Athletic Ass'n*, 155 Ohio St. 3d 389, 395 (2018). Defendants object to the R&R's conclusion that the forgery itself was sufficiently apparent on the face of the document to constitute a cognizable event. Defendants assert that the R&R ignored that a later verified complaint filed by Armatas provide them an assurance that the power of attorney at issue was genuine.

Defendants' position is untenable. First and foremost, Defendants' cannot identify a

---

Professional Corporation dba Surgical Associates of Canton of OPPC; and Mark N. Rose, Gregory Haban, M.D., and Timothy Regula.

2

"cognizable event" beyond the execution of the power of attorney. Instead, the record suggests that the power of attorney was more closely scrutinized as litigation began or approached. In the context of commercial paper and the U.C.C., one Ohio Court has noted: "We also believe that four years is ample time for a prudent business or individual, exercising due diligence, to discover a forgery[.]" *Palmer Mfg. & Supply, Inc. v. BancOhio Natl. Bank*, 93 Ohio App. 3d 17, 24 (1994). This Court finds the same to be true herein. The allegations made in support of the counterclaims were all known at or about the time the power of attorney was executed. *Other than the exercise of due diligence*, there was nothing alleged in the complaint to trigger discovery of the alleged fraud. As such, the Court finds that the R&R properly calculated the 4-year period for the statute of limitations. The R&R is ADOPTED, Plaintiff's motion to dismiss (Doc. 36) is GRANTED, and the Aultman Defendants' counterclaims are hereby DISMISSED.

  II. <u>Plaintiff's motion for judgment on the pleadings, R&R Doc. 81</u>

On July 11, 2019, the magistrate judge issued an R&R recommending that Plaintiff's two-part motion – a motion for judgment on the pleadings and a motion to strike certain answers and affirmative defenses – be DENIED. No party objected to the R&R. Accordingly, the R&R is ADOPTED. Plaintiff's motion (Doc. 38) is DENIED.[2]

  III. <u>Defendants Stjernholm and OPPC's motion for judgment on the pleadings, R&R Doc. 118</u>

On December 19, 2019, the magistrate judge issued an R&R recommending that the partial motion for judgment on the pleadings filed by Defendants M. Richard Stjernholm and Ohio Physicians Professional Corporation be granted. On December 30, 2019, Plaintiff objected to the

---

2 To the extent that certain defenses may also relied on the now-dismissed Defendants' counterclaims, the Court's ruling on that issue would be binding on those defenses as well.

R&R.

Plaintiff's objection does not challenge the substantive analysis performed in the R&R. Instead, Plaintiff contends that the R&R "improperly converted the Stjernholm Defendants' Rule 12(c) Motion to Dismiss into a Rule 12(b)(6) filing, even though the Rule 12(c) Motion was submitted well after the Stjernholm Defendants had filed their Answer and before the remaining pleadings were closed." Doc. 121 at 2. A colleague in this District has noted as follows on this topic:

> It appears, however, that district courts in this circuit have permitted parties to file post-answer Rule 12(b)(6) motions. *See, e.g., Horen v. Bd. of Educ. of Toledo*, 594 F.Supp.2d 833, 840 (N.D.Ohio 2009) (construing premature preanswer Rule 12(c) motion as Rule 12(b)(6) motion to dismiss); *Collins v. Muskegon Cnty. Sheriff's Dep't*, No. 1:05–CV–666, 2007 WL 426586, at *5 (W.D.Mich. Feb.1, 2007) (noting that it is not improper to treat a premature, preanswer Rule 12(c) motion as a motion to dismiss under Rule 12(b)(6)). Other courts have agreed to construe a premature Rule 12(c) motion as a Rule 12(b)(6) motion only on grounds that have been raised in their answer. *Telesca v. Long Island Housing P'ship, Inc.*, 443 F.Supp.2d 397, 405 (E.D.N.Y.2006) ("Although courts will generally rule on an untimely motion to dismiss that is filed after the answer, the defendant's previously-filed answer must expressly preserve the defense."); *Anderson v. Sullivan*, No. 03CV4064 (DRH)(MLO), 2005 WL 1123772, at *2 (E.D.N.Y. May 9, 2005) ("In the present case, Defendant clearly moved for Rule 12(b)(2) dismissal after serving his answer. His motion would thus seem facially untimely. Federal courts, however, will generally make an exception to the above rule, and deem a Rule 12(b)(2) motion timely, if the defendant/movant's previously-filed answer expressly includes the lack of personal jurisdiction as an affirmative defense ."); *Molnlycke Health Care AB v. Dumex Med. Surgical Products Ltd.*, 64 F.Supp.2d 448, 449 (E.D.Pa.1999) ("The court rejects plaintiffs argument that the motion is untimely. Although the defendant filed this motion after answering the complaint, that answer included lack of venue, lack of personal jurisdiction, and failure to state a claim as affirmative defenses."). *But see Byrne v. Nezhat*, 261 F.3d 1075, 1093 n. 35 (11th Cir.2001) (referring to a post-answer Rule 12(b)(6) motion as a nullity).

*Prade v. City of Akron*, No. 5:14CV188, 2015 WL 2169975, at *1 (N.D. Ohio May 8, 2015). It is the final case noted above, *Byrne*, that Plaintiff relies upon heavily for his contention that the instant motion is a nullity.

4

The Court will continue to follow the path laid out by numerous other judges within this District. Plaintiff cannot establish any legal prejudice from consideration of the pending motion. In fact, he does not even challenge the legal analysis and conclusion reached in the R&R. As such, judicial economy countenances consideration of the motion at the current time. Having found no merit in Plaintiff's objection, the R&R is hereby ADOPTED. The partial motion for judgment on the pleadings is GRANTED (Doc. 72), and Count One as against Defendants M. Richard Stjernholm and Ohio Physicians Professional Corporation is DISMISSED.

IV. <u>Defendants Mark Rose, Gregory Haban, and Timothy Regula's motion for judgment on the pleadings, R&R Doc. 123</u>

On January 2, 2020, the magistrate judge recommended granting the above-described motion and dismissing the sole count in the complaint alleged against Defendants Rose, Haban, and Regula. On January 15, 2020, Plaintiff objected to the R&R.

In his objection, Plaintiff first raises the same objection detailed above – that the R&R improperly converted the Rule 12(c) motion to a 12(b)(6) motion. As detailed above, Plaintiff can show no prejudice from this alleged error. Accordingly, the objection has no merit.

In his second objection, Plaintiff contends that the R&R erred when it determined that Rose, Haban, and Regula were not state actors, a necessary element of his § 1983 claim. In support, Plaintiff asserts: "But Plaintiff's argument is *not* that the AultCare Insurance Company PrimeTime Health Plan-Timken Company (HMO-POS) (the "AultCare MAP"), which provided the decedent's Medicare coverage, constituted a "state actor" because it was a private company licensed and regulated by Medicare. Rather, Plaintiff's position is that the AultCare MAP constitutes a state actor *because it is Medicare*. Doc. 131 at 6-7 (emphasis sic). There is no legal support for Plaintiff's contention. Plaintiff appears to assert that so much authority has been

delegated to the AultCare MAP that is should be considered the equivalent of the government.

The R&R first explained the state actor standard:

> "[T]he under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful[.]" *American Manufacturers*, 526 U.S. at 50 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Where "extensive state regulation of private activity" is involved, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State[.]" *Id*. at 52. And "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Id*. "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). "Whether such a 'close nexus' exists . . . depends on whether the State 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *American Manufacturers*, 526 U.S. at 52 (internal citations omitted).

Doc. 123 at 11. The R&R then proceeded to analyze with extensive detail the argument set forth by Plaintiff regarding state action. The R&R rejected the argument, and Plaintiff's objections are not persuasive. Plaintiff essentially contends that the case law that he relied upon should have been found to be more persuasive than the case law relied upon the R&R. Upon an independent review, the Court finds that the R&R properly found that the appropriate test to utilize arises from *American Manufactures Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) and that the R&R properly applied the facts alleged in the complaint to that standard. Accordingly, the Court finds no error in the R&R. The R&R is ADOPTED. The motion for judgment on the pleadings is GRANTED. Doc. 73. The sole count in the complaint pled against Rose, Haban, and Regula is DISMISSED.

V.     <u>The Aultman Defendants' Motion for Judgment on the Pleadings, R&R Doc. 119</u>

On December 19, 2019, the magistrate judge recommended that the Aultman Defendants' motion for judgment on the pleadings be granted in part and denied in part. Plaintiff objected to

6

the R&R on December 30, 2019.

Plaintiff raises four objections to this final R&R. First, Plaintiff again asserts that the motion for judgment on the pleadings was improperly converted to a motion to dismiss. As discussed above, this objection lacks merit.

Next, Plaintiff asserts that the R&R erred when it imposed a one-year statute of limitations on many of his claims after concluding they were medical claims. Plaintiff argues, "[i]nstead, because a wrongful death action, whether or not associated with medical care, is governed by a different Ohio statute (R.C. 2125.01), other torts asserted in connection therewith should remain unaffected, and instead be governed by their own statute of limitations." Doc. 120 at 7. In so arguing, Plaintiff once again ignores the law relied upon by the R&R.

The R&R first noted:

To determine the applicable statute of limitations, "courts must look to the actual nature or subject matter of the case, rather than the form in which the action is pleaded." *Freeman v. Durrani*, 2019-Ohio-3643, 2019 Ohio App. LEXIS 3732, * 7 (Ohio App. Ct. Sept. 11, 2019)(quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984)).

O.R.C. § 2305.113 states:

"Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician- paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

O.R.C. § 2305.113(E)(3). The statute also provides that "medical claim" includes "[d]erivative claims for relief that arise from the medical diagnosis, care, or treatment of a person[.]" O.R.C. § 2305.113(E)(3)(a). And O.R.C. § 2305.113(E)(3)(c) includes in the definition of "medical claims" "[c]laims that arise out of the medical diagnosis, care, or treatment of any person" and "result[]

7

from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care or treatment." O.R.C. § 2305.113(E)(3)(c)(ii). Doc. 119 at 31. Under Plaintiff's theory, much of the language of O.R.C. 2305.113 would be rendered meaningless. Plaintiff's argument also contains no legal support, but instead contradicts existing Ohio decisions from various appellate courts. In *Butler v. Jewish Hospitals, Inc.*, 1995 WL 256297 (May 3, 1995), an Ohio appellate court concluded that a claim made by a non-patient alleging emotional injuries from the conduct of a nurse treating her husband was a medical claim that had a one-year statute of limitations. *Id.* at *1. A different appellate court reached the same decision in *Wilson v. Durrani*, 2019 WL 4678286 (Sept. 25, 2019). In *Wilson*, the court found that "claims for negligence, negligent credentialing and retention, fraud, and violations of the Ohio Consumer Sales Practices Act were 'medical claims' subject to the appropriate statute of limitations contained in O.R.C. 2305.113. *Id.* at *4.

The Court finds no basis to depart from the law established by numerous state appellate decisions. Moreover, Plaintiff has offered no law in support of his view that the torts he has pled should somehow be labeled derivative of his wrongful death cause of action and given two-years statutes of limitation. As no legal authority exists for such a premise, the Court declines to adopt this proposal.

Plaintiff next asserts that the R&R erred when it recommended dismissal of Count VI, Fraud, because he failed to plead it with particularity. In that regard, the R&R reasons: "Plaintiff's Complaint states only a formulaic recitation of two of the elements: justifiable reliance on the alleged material misrepresentation and resulting injury caused by such reliance. The Complaint does not allege how Plaintiff relied on the alleged misrepresentations or how he was harmed thereby." Doc. 119 at 40.

Upon review, the R&R is correct that the complaint contains nothing beyond a bare recitation of these two elements. Plaintiff attempts to remedy this issue by asserting that the complaint must be read in its entirety. Plaintiff then attempts to highlight factual assertions that he believes may apply to these elements. Even accepting this unorthodox method of stating a cause of action, Plaintiff's claim must fail.[3] Plaintiff has not alleged any legal injury flowing from the alleged misrepresentation. Plaintiff effectively asserts that Defendants' acts "postponed his inquiries" regarding the care of his father. Such an allegation does not establish legal injury, and the R&R therefore properly concluded that Plaintiff had failed to properly plead fraud.

Finally, Plaintiff alleges that the R&R erred when it recommended dismissal of his RICO claim. Plaintiff contends that his complaint adequately pled mail fraud and wire fraud as the predicate acts to support his RICO claim. The Court disagrees.

Like his argument above, Plaintiff appears to take the view that his incorporation by reference of all prior allegations in the complaint is a magical elixir that cures all defects in the complaint. It is not. Plaintiff's RICO claim does not allege *any* predicate acts. Rather, Plaintiff requests that the Court and Defendants be required to review other factual allegations and assume that those allegations form the elements of his RICO claim. The Court will not do so. Moreover, Plaintiff's assertion that "AultCare systematically used the mails and its telephone lines to lie to patients (and their representatives) about the reasons" for refusing to accept or investigate grievances is simply not plead in the complaint. Rather, the complaint alleges that the unlawful acts in support of the RICO claim were:

in the case of patients covered by MAPs sponsored by AultCare, attempting to

---

3 Plaintiff was required to plead fraud with particularity. The suggestion that Defendants were required to review all 280 paragraphs of the complaint and thereafter ascertain which paragraphs established which elements of the dozen different claims against 14 defendants is untenable.

> avoid such MAP"s federally-mandated obligation to (i) accept and process grievances submitted by patients (and/or their families) regarding such patient's care and treatment while at Aultman, and (ii) resolve such complaints in a reasonable and meaningful manner; by systematically, deliberately and wrongfully (x) refusing to accept such grievances, (y) failing to conduct such inquiries, and/or (z) failing to disclose the results of such investigations on the basis of state peer review statutes which are superseded by the Federal MAP Regulations.

Doc. 1 at 62. Nothing in that allegation places Defendants on notice that Plaintiff is asserting mail and wire fraud as the predicate offenses for a RICO violation. Accordingly, the R&R properly recommended dismissal of this claim.

      VI.    <u>ICU Defendants' Motion to Dismiss, R&R Doc. 117</u>

On December 19, 2019, the magistrate judge recommended that the motion be granted in part and denied in part, dismissing all claims but the claim for wrongful death. Plaintiff objected to the R&R on January 1, 2020.

In his objections, Plaintiff again asserts that all his "medical claims" should be allowed to proceed as wrongful death claims, thereby avoiding the one-year statute of limitations. As discussed in detail above, there is no legal support for the theory espoused by Plaintiff. As such, the R&R properly determined that the claims were "medical claims" and subject to dismissal as time-barred.

Plaintiff also objects to the alternative conclusion in the R&R that found that he had not properly pled a claim of fraud against Dr. Nashawati. In his objections, Plaintiff effectively concedes that he did plead any facts in support of justifiable reliance or legal damages. He contends that he was concerned over waiving attorney-client privilege by including certain facts. However, if those facts were to be relied on to support his claim, Plaintiff waived the privilege by asserting the claim. As such, he had no justification for failing to plead them. Moreover,

Plaintiff's reliance on notice pleading wholly ignores Fed.R. Civ.P. 9 and the heightened pleading standard for fraud. According, his objections lack merit. The Court adopts the R&R and the ICU Defendants' motion is GRANTED IN PART AND DENIED IN PART.

VII. Related Motions

Plaintiff's motion to strike the Stjernholm Defendants' response to his objections is DENIED. Doc. 128. Similarly, Plaintiff's motion to stay consideration of the R&Rs pending discovery is DENIED. There is no basis for the Court to stay consideration of the R&Rs. Plaintiff has not shown any authority that would suggest that he can engage in discovery to attempt to remedy the defects in his complaint.

VIII. Conclusion

For the reasons stated above, the R&Rs discussed herein are ADOPTED. The ICU Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Doc. 24. Plaintiff's motion to dismiss the Aultman Defendants' counterclaims is GRANTED. Doc. 36. Plaintiff's motion for judgment on the pleadings or in the alternative motion to strike is DENIED. Doc. 38. The Stjernholm Defendants' motion for partial judgment on the pleadings is GRANTED. Doc. 72. The motion for judgment on the pleadings filed by Defendants Haban, Rose, and Regula is GRANTED. Doc. 73. The Aultman Defendants' motion for judgment on the pleadings is GRANTED IN PART AND DENIED IN PART. Doc. 93.

IT IS SO ORDERED.


Dated: March 27, 2020 　　　　　　　　　　　　　　　　　　 */s/ John R. Adams*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE